**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA

-vs-                                                                 Case No. 6:05-cr-181-Orl-31DAB

**LINDA ANN BORDEN**

---

**ORDER**

This matter comes before the Court on Defendant's Motion for Judgment of Acquittal (Doc. 66), and the United States' Response thereto (Doc. 67).

On March 26, 2007, Defendant Linda Ann Borden ("Borden") was convicted by a jury of 27 Counts of violating 26 U.S.C. § 7206(2) ("§ 7206(2)"), which provides for the criminal conviction of any person who:

> Willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document.

26 U.S.C. § 7206(2).

Borden now asks this Court to enter a judgment of acquittal with respect to Count Fourteen of the Indictment. Count Fourteen relates to the 1999 tax return of Mr. Brian White ("White"). The testimony at trial indicated that, after White reviewed the tax return prepared by Borden, he suspected that it was not correct and decided not to file it. However, White's wife mistakenly mailed the form to the Internal Revenue Service ("IRS"), without her husband's knowledge. When

White discovered the error, he immediately contacted the IRS and asked them not to process the return because it had been submitted by mistake and was not accurate. The IRS complied with White's request and the tax return was never processed. Borden argues that a conviction under § 7206(2) requires proof of filing of a tax return and that, under these facts, the return described in Count Fourteen was never filed with the IRS.

Borden is correct that the Eleventh Circuit Pattern Jury Instructions suggest that filing is a required element of § 7206(2).[1] However, the plain language of the statute does not contain such a requirement, instead referring to the "preparation *or* presentation" of a false tax return. 26 U.S.C. § 7602(2) (emphasis added).

There are few cases that discuss whether §7206(2) contains a filing requirement, and none within the Eleventh Circuit. However, the United States' discusses three relevant cases in its response: *United States v. Monteiro*, 871 F.2d 204 (1st Cir. 1989); *United States v. Cutler,* 948 F.2d 691 (10th Cir. 1991); and *United States v. Dahlstrom*, 713 F.2d 1423 (9th Cir. 1983).

*Monteiro* and *Cutler* never reach the issue of whether § 7206(2) contains a filing requirement. *Monteiro,* 871 F.2d at 210; *Cutler,* 948 F.2d at 695.  Instead, both cases held that

> [e]ven assuming that "filing" of the tax form is required for an offense under § 7206(2), when a form relating to a taxpayer is required to be filed by an intermediary rather than the taxpayer, an offense under § 7206(2) is complete when the document or information has been presented to the entity required by law to transmit the information to the IRS.

*Cutler*, 948 F.2d at 695 (adopting the holding in *Monteiro*).

---

[1] Instruction No. 95 requires proof beyond a reasonable doubt "that the Defendant aided or assisted in the *preparation and filing* of an income tax return which was false in a material way as charged in the indictment; and that the Defendant did so willfully and knowingly." Eleventh Circuit Pattern Jury Instructions (Criminal Cases) (2003) (emphasis added).

The Ninth Circuit, on the other hand, explicitly held that § 7206(2) does contain a filing requirement. *Dahlstrom,* 713 F.2d at 1429.  This Court, however, disagrees with the Ninth Circuit's analysis and declines to adopt that holding.  Instead, this Court is persuaded by Judge Goodwin's dissent in *Dahlstrom*:

> Title 26 U.S.C. § 7206(2) makes aiding or advising "the preparation or presentation" of a fraudulent income tax return a crime. There are no cases in this circuit holding that presentation is a necessary element to the separate crime of fraudulent preparation. To create such a requirement would render the words "preparation or" mere surplusage. For returns that are actually presented, the term "presentation" would be enough to permit punishment of the advisor. The statute was clearly intended to reach tax return preparers whether or not the returns they prepare are ultimately presented. A statute should be construed so that no word, sentence, or clause shall be superfluous. *Ex Parte Public Bank*, 278 U.S. 101, 104, 73 L. Ed. 202, 49 S. Ct. 43 (1928); *Consolidated Flower Ship. v. Civil Aeronautics Bd.*, 205 F.2d 449, 450 (9th Cir. 1953).
>
> The cases cited in the majority's opinion are not in point because all were cases in which the fraudulent return was both prepared and presented and the question was from what date the statute of limitations should run. *United States v. Habig*, 390 U.S. 222, 19 L. Ed. 2d 1055, 88 S. Ct. 926 (1968) held that the government could press charges within six years from the actual filing of the returns, not from the statutory due date. Presentation is a separate act from preparation and the government could prosecute up to six years from that act. There was no holding in *Habig* that the government could not prosecute for fraudulent preparation alone.
>
> Similarly in *Butzman v. United States*, 205 F.2d 343 (6th Cir. 1953), *cert. denied*, 346 U.S. 828, 74 S. Ct. 50, 98 L. Ed. 353 (1953), the Sixth Circuit ruled that the statute of limitations ran from the date of filing, not from the date of preparation. The dicta in *Butzman* that no crime was committed until the application was filed and that no crime would have been committed if the application had not been filed have never been adopted by the Ninth Circuit. The dicta would render the words "preparation or" in § 7206(2) nugatory, and we should not adopt them.
>
> The crime of fraudulent preparation should be deemed complete when the preparer delivers the returns to a client with the belief that the client will file them.

*Dahlstrom*, 713 F.2d at 1431(Goodwin, J. dissenting).

As was true in the Ninth Circuit at the time of *Dahlstrom,* there has been no case in this circuit which has held that filing of a tax form is an element of § 7206(2). To adopt such a requirement would mean that a conviction under § 7206(2) could never result from an undercover operation, because the tax forms in those cases would never be filed, nor would the "taxpayer" ever intend to file them. In fact, that was precisely the result of the holding in *Dahlstrom.* This Court does not believe that this result, which is inconsistent with the plain language of the statute, is what Congress intended.

Therefore, this Court finds that the filing of a return is not an element of § 7206(2) and Borden is not entitled to a judgment of acquittal as to Count Fourteen.[2]

Accordingly, it is

**ORDERED** that Defendant's Motion for Judgment of Acquittal (Doc. 66) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on April 12, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Linda Ann Borden

---

[2] It is clear that the confusion in this case resulted from the use of Eleventh Circuit Pattern Jury Instruction (Criminal) No. 95, which is inconsistent with the language of the statute. In the future, the instruction should be modified to track the language of the statute.